## No. 13,456.

### BARTLEY, RECEIVER *v.* COLORADO NATIONAL BANK.

(42 P. [2d] 471)

Decided March 4, 1935.

Mr. H. E. BRAYTON, Mr. RILEY R. CLOUD, for plaintiff in error.

Messrs. BARTELS, BLOOD & BANCROFT, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE bone of contention herein is a tax certificate issued in 1929 upon sale of certain real property for delinquent taxes of the year before. The judgment under review is an order of the district court for delivery of the certificate to the ex officio treasurer of the City and County of Denver as redemption from the tax sale.

The property sold for taxes was subject to three encumbrances. The first of these, for $50,000, was owned by the defendant in error bank as trustee. The second encumbrance secured a bond issue, a substantial part of

which was acquired by Joseph D. Grigsby & Co., Inc., a corporation whereof the plaintiff in error Bartley is receiver. The third encumbrance for $1,500 was held by said Joseph D. Grigsby & Co., Inc.

Because of the aforesaid tax delinquency the bank as first encumbrancer was about to institute foreclosure proceedings. To stave off such action the Grigsby corporation obtained the bank's forbearance by purchasing the tax certificate from the original purchaser and placing it in escrow with a person satisfactory to the bank. When later—upon default in the payment of the indebtedness secured by the first encumbrance—the bank actually proceeded to foreclose, a controversy came up as to the nature of the agreement made in connection with the escrow transaction. The Grigsby receiver contended that the Grigsby corporation was to be reimbursed to the extent of the $4,500 it paid for the tax certificate whenever this certificate was used by the parties for redemption purposes. The bank, on the contrary, claimed that in case of foreclosure of the first encumbrance there was to be no reimbursement, but that without any payment whatever the certificate was to be surrendered to the ex officio treasurer of Denver to effect a redemption from the tax sale.

The controversy was submitted to the lower court upon a citation issued in the bank's foreclosure suit at the instance of the bank and directed to the Grigsby receiver and the escrow holder. The escrow holder disclaimed, offering to deliver the tax certificate to whoever should be adjudged entitled thereto. The Grigsby receiver answered and relied upon his aforesaid claim for reimbursement as a condition precedent to the release and surrender of the certificate.

The trial court found the facts in favor of the bank and ordered the certificate to be surrendered into the hands of the ex officio treasurer for the purpose of effecting the redemption. No provision was made for reimbursement to the Grigsby corporation or its receiver.

Inasmuch as there was a substantial conflict in the evidence taken, the case falls within the general rule that an appellate court is bound by the fact findings of the trial court. There was no prejudicial error.

Judgment affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE HOLLAND concur.